[Cite as *Devore v. Devore*, 2025-Ohio-1161.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| AMBER S. DEVORE | : | | JUDGES: |
| | : | | Hon. Andrew J. King, P.J. |
| Plaintiff-Appellee | : | | Hon. Robert G. Montgomery, J. |
| | : | | Hon. Kevin W. Popham, J. |
| -vs- | : | | |
| | : | | |
| ADAM M. DEVORE, ET AL. | : | | Case No. 24-COA-036 |
| | : | | |
| Defendants-Appellants | : | | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Domestic Relations Division, Case Number 16-DIV-116

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        April 1, 2025

APPEARANCES:

For Plaintiff-Appellee Mother

AMBER S. DEVORE, PRO SE
1314 CR 758
Ashland, OH  44805

Guardian ad Litem

BRIAN KELLOG
432 Center Street
Ashland, OH  44805

For Defendant-Appellant Father

ADAM M. DEVORE, PRO SE
967 Grove Avenue
Ashland, OH  44805

For Kurt and Marsha King

BENJAMIN KITZLER
3 North Main Street
Suite 803
Mansfield, OH  44902

*King, J.*

{¶ 1} Defendant-Appellant, Adam M. Devore ("father"), appeals the October 2, 2024 judgment entry of the Court of Common Pleas of Ashland County, Ohio, Domestic Relations Division, adopting the magistrate's decision on child support arrearages and visitation. Plaintiff-Appellee is Amber S. Devore ("mother"). We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} The parties were granted a divorce on June 30, 2017. They have two children, A.D. born September 2011 and K.D. born April 2013. Mother was named residential parent and legal custodian of the children; father's visitation was suspended until further order of the court as he was incarcerated on charges of domestic violence and abduction. The convictions did not involve any of the parties to this case. Mother was awarded $350.42 per month for child support. Due to father's incarceration, the amount was reduced to $50 per month from August 1, 2018, through March 31, 2019, and $80 per month from April 1, 2019, and continuing. Magistrate Decision and Judgment Entry filed April 6, 2021.

{¶ 3} In May 2023, Ashland County Job and Family Services was notified of possible neglect of the children due to mother's substance abuse issues. On May 16, 2023, the children were placed with paternal grandparents, Marsha and Kurt King. Father was released from prison on July 7, 2023.

{¶ 4} On December 8, 2023, grandparents filed a motion for legal custody of the children since they were caring for the children. At his request, father's child support obligation was suspended until further order of the court. Magistrate's Order filed April 16, 2024. A hearing before a magistrate on the legal custody motion was held on June

28, 2024.  By decision filed July 16, 2024, the magistrate granted legal custody of the children to the grandparents, awarded some child support arrearages to mother and some to grandparents, and ordered supervised visitation to each parent.  Father filed objections, contesting arrearages to mother and supervised visitation.  He argued the grandparents should receive all the arrearages for the benefit of the children and there was no basis to order that his visitation be supervised.  By judgment entry filed October 2, 2024, the trial court denied the objections and adopted the magistrate's decision.

{¶ 5}   Father filed an appeal and assigned the following errors:

I

{¶ 6}   "IT IS AN ABUSE OF DISCRETION TO ALLOCATE CHILD SUPPORT ARREARS TO A DRUG ADDICTED AND NEGLECTFUL MOTHER WHO DOES NOT HAVE CUSTODY OF THE MINOR CHILDREN INSTEAD OF THE GRANDPARENTS THAT HAVE CUSTODY OF THE MINOR CHILDREN."

II

{¶ 7}   "A MAGISTRATE NEED NOT PROVIDE A PARTY THE OPPORTUNITY TO STATE AN OBJECTION, AND IT IS AN ABUSE OF DISCRETION TO NOT VACATE CHILD SUPPORT ARREARS WHEN MOTHER FAILED TO OBJECT TO WAIVE ARREARS."

III

{¶ 8}   "IT IS AN ABUSE OF DISCRETION TO ORDER FATHER TO HAVE SUPERVISED PARENTING TIME WITH HIS CHILDREN WHEN ALL PARTIES AGREED TO UNSUPERVISED PARENTING TIME, THE GUARDIAN AD LITEM DID

NOT RECOMMEND SUPERVISED PARENTING TIME, AND THE RECORD AND EVIDENCE DO NOT SUPPORT SUPERVISED PARENTING WITH FATHER."

{¶ 9} All three of father's assignments of error argue an abuse of discretion by the trial court. "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

I

{¶ 10} In his first assignment of error, father claims the trial court abused its discretion in allocating child support arrearages to mother instead of to the grandparents, the legal custodians of the children. We disagree.

{¶ 11} The original June 30, 2017 divorce decree awarded mother $350.42 per month for child support. Due to father's incarceration, the amount was reduced to $50 per month from August 1, 2018, through March 31, 2019, and $80 per month from April 1, 2019, and continuing. *See* Magistrate Decision and Judgment Entry filed April 6, 2021. Those amounts were subsequently suspended until further order of the court. *See* Magistrate's Order filed April 16, 2024.

{¶ 12} Mother took care of the children from the time they were born until they left her care and moved in with the grandparents on May 16, 2023. T. at 13, 24.

{¶ 13} The trial court ordered that any child support arrearages which accrued prior to May 16, 2023, shall remain payable to mother and any arrearages that accrued after the date shall be payable to the grandparents. *See* Judgment Entry filed October 2, 2024. We do not find that the trial court abused its discretion. Mother was responsible for caring for the children and expending money from the time of the divorce until May 16, 2023, without help from father due to his incarceration. She is entitled to the arrearages relative to that time period.

{¶ 14} Assignment of Error I is denied.

II

{¶ 15} In his second assignment of error, father claims the trial court abused its discretion in not vacating child support arrears when mother failed to object to waive arrears. We disagree.

{¶ 16} During the June 28, 2024 hearing before the magistrate, the following exchange occurred (T. at 35-36):

MR. DEVORE: There are arrears in my child support and I would request if the Child Support Agency collects arrears that they go to my mother and stepfather because it is child support and not alimony.

MS. DEVORE: I would like to say something about the child support order. I was caring for my children the whole time that the order was placed. I don't - - it is arrears to me. It is not arrears to his mother and she wasn't

caring for the children. I do have and want my children to be supported, that's not what I'm saying. That's all I have to say about that. The arrears are from 2016 ongoing to 2023.

MR. DEVORE: If I may, either that or I just request that the arrears be waived.

THE COURT: We'll take that issue under advisement.

{¶ 17} Mother noted she has taken care of the children "since they were born with little to no help." T. at 36.

{¶ 18} The magistrate did not waive the arrears. Father objected, arguing mother failed to object to his request for waiver. The trial court found mother's objection to father's suggestion that any arrearages go to the grandparents was an objection to the waiver request as well. We do not find that the trial court abused its discretion. Mother was clear that she believed she should be the recipient of any arrearages. It necessarily follows that if she objected to the grandparents receiving the arrearages, she would object to the waiving of the arrearages. She was not required to voice another objection, she already stated her position.

{¶ 19} Assignment or Error II is denied.

III

{¶ 20} In his third assignment of error, father claims the trial court abused its discretion in ordering his visitation with the children be supervised. We disagree.

{¶ 21} Father's visitation time with the children was suspended from the time of the divorce decree due to his incarceration. He was convicted of domestic violence and

abduction and sentenced to six years. The decree specifically stated: "Nothing in this Decree shall prevent Defendant [Father] from petitioning the Court to reinstate his parenting time with the children at a later time pursuant to R.C. 3109.051 should circumstances change."

{¶ 22} The guardian ad litem recommended supervised visitation for mother and unsupervised visitation for father "just based on this case" because he had "no knowledge of any concerns regarding inappropriate behaviors or dangers that father poses at this time on this case." T. at 30, 32-33.

{¶ 23} The magistrate noted after being released from prison, father had supervised visits with his children contrary to the suspended visitation order. The magistrate ordered supervised visitation because of father's criminal history and "the lengthy period of time in which he has not had court approved parenting time with the children." Magistrate's Decision filed July 16, 2024 at 6. The trial court concurred with supervised visitation, finding it was in the children's best interest. We do not find that the trial court abused its discretion. "In determining the appropriate visitation for a parent who has lost legal custody of the child, the trial court must consider the totality of circumstances affecting the best interest of the child." *In re C.T.*, 2022-Ohio-3464, ¶ 17 (9th Dist.). Father was incarcerated on serious charges involving violence and had not visited with his children while imprisoned for six years. He then enjoyed supervised visitations with his children without petitioning the court in contravention of the trial court's order of suspended visitation. His supervised visitations are basically unlimited as his parenting time "shall be as agreed to" between him and the grandparents.

{¶ 24} Assignment of Error III is denied.

{¶ 25} The judgment of the Court of Common Pleas of Ashland County, Ohio, Domestic Relations Division, is hereby affirmed.

By: King, P.J.

Montgomery, J. and

Popham, J. concur.